IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ABBOTT LABORATORIES and          )
ABBOTT RESPIRATORY LLC,          )
                                 )
             Plaintiffs,         )
                                 )
      v.                         )      Civil Action No. 10-373 (SLR)
                                 )
WATSON LABORATORIES, INC. - FLORIDA,  )
                                 )
             Defendants.         )

## DEFENDANT WATSON LABORATORIES, INC. – FLORIDA's ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendant Watson Laboratories, Inc. – Florida ("Watson Florida") submits the following Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Complaint ("Complaint"). This Answer is based upon Watson Florida's knowledge as to its own activities and upon information and belief as to the activities of others. The numbered paragraphs below correspond to the paragraphs in the Complaint.

### Parties

1.      Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

2.      Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

3.      Watson Florida admits that it is a Florida corporation having a place of business at 4955 Orange Drive, Davie, Florida 33314. Watson Florida further admits that it was formerly known as Andrx Pharmaceuticals, Inc. and is a wholly-owned subsidiary of Andrx Corp., a Delaware corporation that is wholly-owned by Watson Pharmaceuticals, Inc. ("Watson Pharmaceuticals"). Watson Florida further admits that it is in the business of developing and

manufacturing generic pharmaceutical products for the United States market. Watson Florida denies the remaining allegations of this paragraph.

    4.    Watson Florida admits that Watson Pharmaceuticals is a Nevada Corporation having a principal place of business at 311 Bonnie Circle, Corona, California. Watson Florida further admits that Watson Pharmaceuticals is a leading global specialty pharmaceutical company. Watson Florida further admits that it is an indirect subsidiary of Watson Pharmaceuticals. Watson Florida denies the remaining allegations of this paragraph.

    5.    Watson Florida admits that Watson Pharma, Inc. ("Watson Pharma") is a Delaware corporation having a principal place of business at 360 Mount Kemble Avenue, Morristown, New Jersey 07962. Watson Florida further admits that Watson Pharma distributes and/or sells in the United States market generic pharmaceutical products made by Watson Florida or for which Watson Florida is the applicant of an approved ANDA. Watson Florida further admits that Watson Pharma is a wholly-owned subsidiary of Watson Pharmaceuticals. Watson Florida denies the remaining allegations of this paragraph.

    6.    Denied.

    7.    Denied.

### Jurisdiction and Venue

    8.    Watson Florida admits that this action arises under the patent laws of the United States, and that this Court has jurisdiction over the claims against Watson Florida under 28 U.S.C. §§ 1331 and 1338(a). Watson Florida will not contest venue in this Court for purposes of this action only. Watson Florida denies the remaining allegations of this paragraph.

    9.    Watson Florida will not contest personal jurisdiction in this Court for purposes of this action only. Watson Florida denies the remaining allegations of this paragraph.

10.     Watson Florida will not contest personal jurisdiction in this court for the purposes of this action only.  Watson Florida denies the remaining allegations of this paragraph.

11.     Denied.

12.     Denied.

13.     Watson Florida admits that Watson Pharmaceuticals, Inc., Watson Florida and Watson Pharma have a director and at least one officer in common.  Watson Florida denies the remaining allegations of this paragraph.

14.     Denied.

15.     Watson Florida admits that Watson Pharmaceuticals recognizes Global Generic, Global Brand and Distribution segments of its business.  Watson further admits that the Global Generic, Global Brand and Distribution segments are referenced in Watson Pharmaceuticals' Securities and Exchange Commission filings for the fiscal year ending December 31, 2009, in which financial results for these segments are reported.  Watson Florida denies the remaining allegations of this paragraph.

16.     Watson Florida admits that Watson Pharmaceuticals has a "Global Generics" operating segment.  The Global Generics segment develops, manufactures and markets generic pharmaceutical products.  Watson Florida denies the remaining allegations of this paragraph.

17.     Denied.

18.     Watson Florida admits that Watson Pharmaceuticals consolidated and reported its financial results with Watson Laboratories and Watson Pharma in its year ending December 31, 2009, 10-K filing.  Watson Florida denies the remaining allegations of this paragraph.

19.     Watson Florida admits that Watson Pharmaceuticals maintains a website at www.watson.com and that Watson Laboratories does not maintain its own independent website. Watson Florida denies the remaining allegations of this paragraph.

20.     Watson Florida admits that Watson Pharma's "Terms and Conditions of Sale" and "Return Goods Policy" are displayed on www.watson.com and that the "Return Goods Policy" states that it applies to Watson Pharma's "proprietary (brand), generic and diagnostic products." Watson Florida denies the remaining allegations of this paragraph.

21.     Watson Florida admits that in its March 25, 2010 Notice Letter, it directed Abbott Laboratories to direct all requests for confidential access to G. Michael Bryner. Watson Florida further admits that the USPTO website reflects Mr. Bryner's "Firm/Business" as Watson Pharmaceuticals. Watson Florida denies the remaining allegations of this paragraph.

22.     Watson Florida admits that the website located at www.watson.com provides that "in the U.S., 36 Abbreviated New Drug Applications (ANDAs) were filed for approval by the U.S. Food and Drug Administration (FDA) in 2009. The Company has more than 100 ANDAs on file for approval at the FDA. Internationally, more than 240 product applications are pending and Watson expects to submit more than 100 applications for products outside the U.S. in 2010." Watson Florida denies the remaining allegations of this paragraph.

23.     Watson Florida admits that it submits Abbreviated New Drug Applications ("ANDAs") and manufactures certain generic pharmaceutical products that are sold and used in the United States. Watson Florida lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

24.     Watson Florida admits that Watson Pharma is a Delaware corporation that distributes and sells in the United States certain generic pharmaceutical products that are

manufactured by Watson Florida and for which Watson Florida is the named ANDA applicant and has received FDA approval. Watson Florida denies the remaining allegations of this paragraph.

25.     Because Watson Pharma has been dismissed from this case, no response is required. To the extent a response is required, Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

26.     Watson Florida admits that Watson Pharma distributes and sells generic pharmaceutical products for which Watson Laboratories is the named ANDA applicant. Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

27.     Watson Florida admits that it and Watson Pharma are parties to contractual agreements regarding the distribution of generic pharmaceutical products. Watson Florida denies the remaining allegations of this paragraph.

28.     Watson Florida admits that it earns revenue from the sale of certain generic pharmaceutical products to Watson Pharma that are manufactured by Watson Florida and for which Watson Florida is the named applicant on approved ANDAs. Watson Florida denies the remaining allegations of this paragraph.

29.     Watson Florida admits that www.watson.com has a hyperlink to www.AndaNet.com. Upon information and belief, AndaNet.com is an online communication network for pharmacies that offers the ability to order products via the internet and provides timely access to information of interest to pharmacy managers and owners. Upon information

and belief, pharmacies in Delaware and elsewhere are able to use www.AndaNet.com. Watson Florida denies the remaining allegations of this paragraph.

30.     Watson Florida admits that there are hyperlinks on the www.watson.com website to VIPConnect™, VIPpharm™ and VIPCSOS.com™. Watson Florida denies the remaining allegations of this paragraph.

31.     Watson Florida admits that it may manufacture and Watson Pharma may market and sell the niacin extended release / simvastatin products that are the subject of ANDA No. 200601 if FDA approval is granted. Watson Florida denies the remaining allegations of this paragraph.

32.     Watson Florida states that it will not contest jurisdiction for purposes of this case. Watson Florida denies the remaining allegations of this paragraph.

33.     Because Watson Pharma has been dismissed from this case, no response is required. To the extent a response is required, Watson Florida lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

34.     Because Watson Pharma has been dismissed from this case, no response is required. To the extent a response is required, Watson Florida lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

35.     Watson Florida admits that Andrx Pharmaceuticals (doing business as Watson Florida) was a named plaintiff in *Sciele Pharma, Inc. v. Lupin Ltd.*, Civil Action No. 1:09-cv-00037-JJF (D. Del.) and *Shionogi Pharma, Inc. v. Mylan Inc.*, Civil Action No. 1:10-cv-00135-RBK (D. Del.). Watson Florida further admits that it filed counterclaims in *Allergen, Inc. v.*

*Watson Pharms., Inc.*, Civil Action No. 1:09-cv-00511-GMS (D. Del.) and *Takeda Pharm. Co. v. Watson Labs., Inc.*, Civil Action No. 1:09-cv-00917-SLR (D. Del.). Watson Florida denies that the aforementioned cases have any relevance to the question of whether Watson Florida has purposefully availed itself of the Delaware courts. Watson Florida denies the remaining allegations of this paragraph.

## Patents in Suit

36.     Watson Florida admits that United States Patent No. 6,080,428 ("the '428 patent") is entitled "Nicotinic Acid Compositions For Treating Hyperlipidemia and Related Methods Therefor," was issued on or about June 27, 2000, and is attached to the Complaint as Exhibit A. Watson Florida also admits that according to the electronic records of the United States Patent and Trademark Office ("PTO"), "Abbott Laboratories" is the "assignee" of the '428 patent. Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations that Abbott Laboratories is an exclusive licensee of the '428 patent with respect to Simcor® and that Abbott Respiratory is the owner by assignment of the '428 patent. Watson Florida denies the remaining allegations of this paragraph.

37.     Watson Florida admits that United States Patent No. 6,129,930 ("the '930 patent") is entitled "Methods and Sustained Release Nicotinic Acid Compositions for Treating Hyperlipidemia at Night," was issued on or about October 10, 2000, and is attached to the Complaint as Exhibit B. Watson Florida also admits that according to the electronic records of the United States Patent and Trademark Office ("PTO"), "Abbott Laboratories" is the "assignee" of the '930 patent. Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations that Abbott Laboratories is an exclusive licensee of the '930 patent with respect to Simcor® and that Abbott Respiratory is the owner by assignment of the '930 patent. Watson Florida denies the remaining allegations of this paragraph.

38.     Watson Florida admits that United States Patent No. 6,406,715 ("the '715 patent") is entitled "Immediate Release Nicotinic Acid Compositions for Treating Hyperlipidemia Having Urinary Metabolite Profiles," was issued on or about June 18, 2002, and is attached to the Complaint as Exhibit C.  Watson Florida also admits that according to the electronic records of the United States Patent and Trademark Office ("PTO"), "Abbott Laboratories" is the "assignee" of the '715 patent.  Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations that Abbott Laboratories is an exclusive licensee of the '715 patent with respect to Simcor® and that Abbott Respiratory is the owner by assignment of the '715 patent.  Watson Florida denies the remaining allegations of this paragraph.

39.     Watson Florida admits that United States Patent No. 6,469,035 ("the '035 patent") is entitled "Methods of Pretreating Hyperlipidemic Individuals With a Flushing Agent Prior to the Start of Single Daily Dose Nicotinic Acid Therapy to Reduce Flushing Provoked by Nicotinic Acid," was issued on or about October 22, 2002, and is attached to the Complaint as Exhibit D.  Watson Florida also admits that according to the electronic records of the United States Patent and Trademark Office ("PTO"), "Abbott Laboratories" is the "assignee" of the '035 patent.  Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations that Abbott Laboratories is an exclusive licensee of the '035 patent with respect to Simcor® and that Abbott Respiratory is the owner by assignment of the '035 patent.  Watson Florida denies the remaining allegations of this paragraph.

40.     Watson Florida admits that United States Patent No. 6,676,967 ("the '967 patent") is entitled "Methods for Reducing Flushing in Individuals Being Treated With Nicotinic Acid for Hyperlipidemia," was issued on or about January 13, 2004, and is attached to the Complaint as Exhibit E.  Watson Florida also admits that according to the electronic records of the United States Patent and Trademark Office ("PTO"), "Abbott Laboratories" is the "assignee" of the '967 patent.

Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the

allegations that Abbott Laboratories is an exclusive licensee of the '967 patent with respect to

Simcor® and that Abbott Respiratory is the owner by assignment of the '967 patent.  Watson

Florida denies the remaining allegations of this paragraph.

      41.     Watson Florida admits that United States Patent No. 6,746,691 ("the '691 patent") is

entitled "Immediate Release Nicotinic Acid Compositions for Treating Hyperlipidemia Having

Unique Biopharmaceutical Characteristics," was issued on or about June 8, 2004, and is attached to

the Complaint as Exhibit F.  Watson Florida also admits that according to the electronic records of

the United States Patent and Trademark Office ("PTO"), "Abbott Laboratories" is the "assignee" of

the '691 patent.  Watson Florida lacks knowledge or information sufficient to form a belief about

the truth of the allegations that Abbott Laboratories is an exclusive licensee of the '691 patent with

respect to Simcor® and that Abbott Respiratory is the owner by assignment of the '691 patent.

Watson Florida denies the remaining allegations of this paragraph.

      42.     Watson Florida admits that United States Patent No. 6,818,229 ("the '229 patent") is

entitled "Immediate Release Nicotinic Acid Compositions for Treating Hyperlipidemia," was issued

on or about November 16, 2004, and is attached to the Complaint as Exhibit G.  Watson Florida also

admits that according to the electronic records of the United States Patent and Trademark Office

("PTO"), "Abbott Laboratories" is the "assignee" of the '229 patent.  Watson Florida lacks

knowledge or information sufficient to form a belief about the truth of the allegations that Abbott

Laboratories is an exclusive licensee of the '229 patent with respect to Simcor® and that Abbott

Respiratory is the owner by assignment of the '229 patent.  Watson Florida denies the remaining

allegations of this paragraph.

      43.     Watson Florida admits that United States Patent No. 7,011,848 ("the '848 patent") is

entitled "Hydrophobic Component Free Sustained Release Nicotinic Acid Compositions for Treating

Hyperlipidemia and Related Methods Therefor," was issued on or about March 14, 2006, and is attached to the Complaint as Exhibit H. Watson Florida also admits that according to the electronic records of the United States Patent and Trademark Office ("PTO"), "Abbott Laboratories" is the "assignee" of the '848 patent. Watson Florida lacks knowledge or information sufficient to form a belief about the truth of the allegations that Abbott Laboratories is an exclusive licensee of the '848 patent with respect to Simcor® and that Abbott Respiratory is the owner by assignment of the '848 patent. Watson Florida denies the remaining allegations of this paragraph.

44.     Watson Florida admits that the FDA's electronic compilation of approved drugs and their respective patents, the *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly referred to as the "Orange Book") lists the '428, '930, ' 715, '035, '967, '691, '229 and '848 patents in connection with NDA No. 02-2078 for Simcor® (niacin/simvastatin) tablets (500 mg/20 mg, 750 mg/20 mg, and 1000 mg/20 mg). Watson Florida also admits that the FDA's electronic Orange Book lists "Abbott" as the applicant for NDA No. 02-2078. Watson Florida denies the remaining allegations of this paragraph.

45.     Watson Laboratories admits that it sent a letter to Abbott Laboratories dated March 25, 2010. The March 25, 2010 letter speaks for itself. Watson Florida denies the remaining allegations of this paragraph.

46.     Watson Florida admits that its ANDA No. 200601 contains the information required by 21 U.S.C. § 355(j)(2)(A). Watson Florida denies the remaining allegations of this paragraph.

47.     Watson Florida admits that it sent a letter to Abbott Laboratories dated March 25, 2010. The March 25, 2010 letter speaks for itself. Watson Florida denies the remaining allegations of this paragraph.

48.     Watson Florida admits that the Complaint was filed on May 4, 2010.  Watson Florida denies the remaining allegations of this paragraph.

## Count I (Infringement of the '428 Patent)

49.     Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-48 as though fully set forth herein.

50.     Denied.

51.     Denied.

52.     Watson Florida admits that it had actual knowledge of the '428 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

53.     Denied.

## Count II (Infringement of the '930 Patent)

54.     Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-53 as though fully set forth herein.

55.     Denied.

56.     Denied.

57.     Watson Florida admits that it had actual knowledge of the '930 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

58.     Denied.

## Count III (Infringement of the '715 Patent)

59.     Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-58 as though fully set forth herein.

60.     Denied.

61.     Denied.

62.     Watson Florida admits that it had actual knowledge of the '715 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

63.     Denied.

## Count IV (Infringement of the '035 Patent)

64.     Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-63 as though fully set forth herein.

65.     Denied.

66.     Denied.

67.     Watson Florida admits that it had actual knowledge of the '035 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

68.     Denied.

## Count V (Infringement of the '967 Patent)

69.     Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-68 as though fully set forth herein.

70.     Denied.

71.     Denied.

72.     Watson Florida admits that it had actual knowledge of the '967 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

73.     Denied.

## Count VI (Infringement of the '691 Patent)

74.     Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-73 as though fully set forth herein.

75.     Denied.

76.    Denied.

77.    Watson Florida admits that it had actual knowledge of the '691 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

78.    Denied.

### Count VII (Infringement of the '229 Patent)

79.    Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-78 as though fully set forth herein.

80.    Denied.

81.    Denied.

82.    Watson Florida admits that it had actual knowledge of the '229 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

83.    Denied.

### Count VIII (Infringement of the '848 Patent)

84.    Watson Florida restates and incorporates by reference its responses to the allegations of paragraphs 1-83 as though fully set forth herein.

85.    Denied.

86.    Denied.

87.    Watson Florida admits that it had actual knowledge of the '848 patent before it filed ANDA No. 200601.  Watson Florida denies the remaining allegations of this paragraph.

88.    Denied.

### Plaintiffs' Prayer for Relief

a)    Watson Florida denies that Plaintiffs are entitled to the relief requested in paragraph a.

b)      Watson Florida denies that Plaintiffs are entitled to the relief requested in paragraph b.

c)      Watson Florida denies that Plaintiffs are entitled to the relief requested in paragraph c.

d)      Watson Florida denies that Plaintiffs are entitled to the relief requested in paragraph d.

e)      Watson Florida denies that Plaintiffs are entitled to the relief requested in paragraph e.

## DEFENSES

Without prejudice to the denials set forth in its Answer and without admitting any allegations found in the Complaint not otherwise admitted, Watson Florida avers and asserts the following defenses:

## FIRST DEFENSE

### (Noninfringement)

The manufacture, use, sale, offer for sale, or importation of the niacin extended release / simvastatin products that are the subject of ANDA No. 200601 have not, do not and would not infringe any valid and enforceable claim of the '428, '930, '715, '035, '967, '691, '229 or '848 patents either directly or indirectly, literally or under the doctrine of equivalents.

## SECOND DEFENSE

### (Invalidity)

The claims of the '428, '930, '715, '035, '967, '691, '229 or '848 patents are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101,102, 103 and 112.

## THIRD DEFENSE

### (Other Defenses)

Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Watson Florida, for its Counterclaims against Plaintiffs Abbott Laboratories and Abbott Respiratory LLC (collectively "Plaintiffs"), alleges as follows:

## PARTIES

1.      Counterclaimant Watson Florida is a Florida Corporation having a principal place of business at 4955 Orange Drive, Davie, Florida 33314.

2.      Counterclaim Defendant Abbott Laboratories purports to be a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

3.      Counterclaim Defendant Abbott Respiratory LLC purports to be a limited liability corporation organized under the laws of the State of Delaware with a principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

## JURISDICTION AND VENUE

4.      This is a declaratory judgment action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Plaintiffs because, on information and belief, Abbott Laboratories is actively and regularly engaged in business in the State of Delaware and derives substantial revenues from things used or consumed in the State of Delaware and because Abbott Respiratory is a Delaware corporation.

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

This Court may declare the rights and legal relation of the parties pursuant to 28 U.S.C. §§ 2201

and 2202 and 35 U.S.C. § 271(e)(5).

## BACKGROUND

7.     Plaintiffs purport to be the owner and exclusive licensee of the '428, '930, '715,

'035, '967, '691, '229 or '848 patents.

8.     The '428, '930, '715, '035, '967, '691, '229 or '848 patents are listed in the

Orange Book with respect to the Simcor® drug product that is the subject of Plaintiffs'

Complaint.

9.     Watson Florida filed ANDA No. 200601 with the FDA under § 505(j) of the

Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j) seeking FDA approval to market

niacin extended release / simvastatin products that are the subject of the ANDA in the United

States.  ANDA No. 200601 included a 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certification

("Paragraph IV Certification") certifying that the proposed ANDA product will not infringe any

valid and enforceable claim of the '428, '930, '715, '035, '967, '691, '229 or '848 patents.

10.     In accordance with 21 U.S.C. § 355(j)(2)(B), Watson Florida sent a letter to

Abbott Laboratories on March 25, 2010 notifying Plaintiffs that it had filed ANDA No. 200601

with a Paragraph IV Certification stating that Watson Florida's proposed niacin extended release

/ simvastatin products do not infringe any valid and enforceable claims of the '428, '930, '715,

'035, '967, '691, '229 or '848 patents.

11.     On or about May 4, 2010, Plaintiffs filed a Complaint for patent infringement

alleging that Watson Florida's submission of ANDA No. 200601 infringes the '428, '930, '715,

'035, '967, '691, '229 or '848 patents under 35 U.S.C. §271(e)(2)(A).

12.     A definite and concrete, real and substantial, justiciable controversy exists between Plaintiffs and Watson Florida with respect to the validity and infringement of the '428, '930, '715, '035, '967, '691, '229 or '848 patents, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

## COUNT I

### (Declaratory Judgment of Noninfringement of the '428 Patent)

13.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-12 as though fully set forth herein.

14.     Watson Florida will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '428 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States of proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601, or by meaningful preparation to manufacture, use, market, or sell in the United States proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601.

## COUNT II

### (Declaratory Judgment of Invalidity of the '428 Patent)

15.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-14 as though fully set forth herein.

16.     Upon information and belief, the claims of the '428 patent are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT III

### (Declaratory Judgment of Noninfringement of the '930 Patent)

17.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-16 as though fully set forth herein.

18.     Watson Florida will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '930 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States of proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601, or by meaningful preparation to manufacture, use, market, or sell in the United States proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601.

## COUNT IV

### (Declaratory Judgment of Invalidity of the '930 Patent)

19.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-18 as though fully set forth herein.

20.     Upon information and belief, the claims of the '930 patent are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT V

### (Declaratory Judgment of Noninfringement of the '715 Patent)

21.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

22.     Watson Florida will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of

the '715 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States

of proposed niacin extended release / simvastatin products that are the subject of ANDA No.

200601, or by meaningful preparation to manufacture, use, market, or sell in the United States

proposed niacin extended release / simvastatin products that are the subject of ANDA No.

200601.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '715 Patent)

23.     Watson Florida restates and incorporates by reference the allegations set forth in

paragraphs 1-22 as though fully set forth herein.

24.     Upon information and belief, the claims of the '715 patent are invalid for failure

to comply with one or more of the provisions of the United States Code, including, but not

limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT VII

### (Declaratory Judgment of Noninfringement of the '035 Patent)

25.     Watson Florida restates and incorporates by reference the allegations set forth in

paragraphs 1-24 as though fully set forth herein.

26.     Watson Florida will not directly, indirectly, contributorily, and/or by inducement

infringe either literally or under the doctrine of equivalents any valid and enforceable claim of

the '035 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States

of proposed niacin extended release / simvastatin products that are the subject of ANDA No.

200601, or by meaningful preparation to manufacture, use, market, or sell in the United States

proposed niacin extended release / simvastatin products that are the subject of ANDA No.

200601.

## COUNT VIII

### (Declaratory Judgment of Invalidity of the '035 Patent)

27.    Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-26 as though fully set forth herein.

28.    Upon information and belief, the claims of the '035 patent are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT IX

### (Declaratory Judgment of Noninfringement of the '967 Patent)

29.    Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-28 as though fully set forth herein.

30.    Watson Florida will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '967 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States of proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601, or by meaningful preparation to manufacture, use, market, or sell in the United States proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601.

## COUNT X

### (Declaratory Judgment of Invalidity of the '967 Patent)

31.    Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-30 as though fully set forth herein.

32.     Upon information and belief, the claims of the '967 patent are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT XI

### (Declaratory Judgment of Noninfringement of the '691 Patent)

33.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-32 as though fully set forth herein.

34.     Watson Florida will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '691 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States of proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601, or by meaningful preparation to manufacture, use, market, or sell in the United States proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601.

## COUNT XII

### (Declaratory Judgment of Invalidity of the '691 Patent)

35.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-34 as though fully set forth herein.

36.     Upon information and belief, the claims of the '691 patent are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT XIII

### (Declaratory Judgment of Noninfringement of the '229 Patent)

37.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-36 as though fully set forth herein.

38.     Watson Florida will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '229 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States of proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601, or by meaningful preparation to manufacture, use, market, or sell in the United States proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601.

## COUNT XIV

### (Declaratory Judgment of Invalidity of the '229 Patent)

39.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-38 as though fully set forth herein.

40.     Upon information and belief, the claims of the '229 patent are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT XV

### (Declaratory Judgment of Noninfringement of the '848 Patent)

41.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-40 as though fully set forth herein.

42.     Watson Florida will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of

the '848 patent under 35 U.S.C. § 271 either by the manufacture, use, or sale in the United States of proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601, or by meaningful preparation to manufacture, use, market, or sell in the United States proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601.

## COUNT XIV

### (Declaratory Judgment of Invalidity of the '848 Patent)

43.     Watson Florida restates and incorporates by reference the allegations set forth in paragraphs 1-42 as though fully set forth herein.

44.     Upon information and belief, the claims of the '848 patent are invalid for failure to comply with one or more of the provisions of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Watson Florida respectfully requests that the Court enter an order:

A.     Dismissing the Complaint with prejudice;

B.     Declaring that Watson Florida's proposed niacin extended release / simvastatin products that are the subject of ANDA No. 200601 will not directly, indirectly, contributorily, and/or by inducement infringe either literally or under the doctrine of equivalents any valid and enforceable claim of the '428, '930, '715, '035, '967, '691, '229 or '848 patents under 35 U.S.C. § 271;

C.     Declaring that the claims of the '428, '930, '715, '035, '967, '691, '229 or '848 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112;

      D.      Declaring this case exceptional and awarding Watson Florida reasonable

attorneys' fees and costs under 35 U.S.C. § 285; and

      E.      Awarding Watson Florida its costs;

      F.      Awarding Watson Florida such other further relief as the Court deems just

and equitable.


Dated:  May 25, 2010             YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

                                        */Karen E. Keller/*

                          John W. Shaw (#3362)
                          Karen E. Keller (#4489)
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          P.O. Box 391
                          Wilmington , DE 19899-0391
                          (302) 571-6600
                          kkeller@ycst.com

*Of Counsel*:

Christopher J. Sorenson
MERCHANT & GOULD PC
3200 IDS Center
80 S. Eighth Street
Minneapolis, MN  55402
(612) 332-5300

Shane A. Brunner
MERCHANT & GOULD PC
3200 IDS Center
10 East Doty Street
Suite 600
Madison, Wisconsin
(608) 280-6750


                          *Attorneys for Defendant Watson Laboratories, Inc.
-Florida*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 25, 2010, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham, Esquire
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> *mgraham@mnat.com*

I further certify that on May 25, 2010, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL

> William F. Lee, Esquire
> Hollie L. Baker, Esquire
> Vinita Ferrera, Esquire
> WILMER CUTLER PICKERING HALE AND DORR LLP
> 60 State Street
> Boston, MA  0210
> *william.lee@wilmerhale.com*
> *hollie.baker@wilmerhale.com*
> *vinita.ferrera@wilmerhale.com*

Dated:  May 25, 2010

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
*kkeller@ycst.com*